In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2857

PRESSE D. MATHEWS, JR.,

*Petitioner-Appellant*,

*v.*

RICARDO RIOS,
Warden,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:11-cv-01245-JBM — **Joe Billy McDade**, *Judge*.

SUBMITTED APRIL 21, 2014[*] — DECIDED AUGUST 11, 2014

Before EASTERBROOK, RIPPLE, and ROVNER, *Circuit Judges*.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2)(C).

PER CURIAM. Presse D. Mathews, Jr., is in federal custody following his conviction for possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e). One of the predicate state felony convictions upon which the district court relied was a federal conviction under Illinois's felon-in-possession statute, 720 ILCS 5/24-1.1. We affirmed his conviction and sentence on direct appeal. We decided that the district court had construed correctly the Illinois statute and that Mr. Mathews had been convicted in state court of being a felon in possession of a knife with the intent to harm a specific person. *United States v. Mathews*, 453 F.3d 830, 834–37 (7th Cir. 2006).

Mr. Mathews then brought a collateral attack on his sentence under 28 U.S.C. § 2255. *See Mathews v. United States*, 550 F. Supp. 2d 842 (C.D. Ill. 2007). He argued once again that the sentencing court had misconstrued the text of the Illinois statute. *Id.* at 844. The district court held that this issue had been decided by this court and therefore was not open to further review. *Id.* at 845. Both the district court and this court denied certificates of appealability. The district court also denied a successive § 2255 motion, which was not appealed.

Mr. Mathews then filed this petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Although he cited *Begay v. United States*, 553 U.S. 137 (2008), he argued, once again, that, under a proper construction of the Illinois statute, his prior Illinois conviction for unlawful possession of a weapon by a felon was not a conviction for a "violent felony." In support of that view, he made essentially the same arguments that he

had made previously and that we had rejected on direct appeal and upon our denial of the certificate of appealability. The district court nevertheless determined that Mr. Mathews could proceed under § 2241 and held that, under *Begay*, a felon's possession of a knife with the intent to harm a person was a violent felony under the ACCA. On this basis, the district court denied Mr. Mathews's petition.

After examination of the entire record, we must conclude that Mr. Mathews's petition is blocked by 28 U.S.C. § 2255(e), which restricts a prisoner from applying for habeas review where a prisoner's § 2255 motion already has been denied and that motion was not "inadequate or ineffective to test the legality of his detention." In the district court and in this court, Mr. Mathews does not argue, even in the alternative, that, under *Begay*, a felon's possession of a knife with the intent to injure a person does not constitute a crime of violence under the ACCA. Indeed, in his reply brief in this court, he specifically denies making such an argument. Rather, he seeks relief solely on the ground that, in our earlier encounters with this case, we misconstrued the text of the Illinois statute—the same argument that he made to the initial sentencing court, to this court on appeal and to the district court in his motion for relief under § 2255. We decided this issue squarely on direct appeal. His citation to *Begay* is simply artful pleading. Nothing in that decision in any way implicates any aspect of this court's earlier analysis of Illinois law.

Because Mr. Mathews's petition was blocked by 28 U.S.C. 2255(e), we affirm the district court's denial of his petition.

AFFIRMED

NO COSTS IN THIS COURT